UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMIR TAUHEED BELL,

        Petitioner,

v.                                                CASE NO. 11-10328
                                                 HONORABLE LAWRENCE P. ZATKOFF

DAVID BERGH,

        Respondent.
_____/

**OPINION AND ORDER**
**(1) DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**
**AND DISMISSAL OF THE HABEAS PETITION AND**
**(2) DIRECTING RESPONDENT TO FILE AN ANSWER TO THE PETITION**

     This matter is pending before the Court on Tamir Tauheed Bell's habeas corpus petition and respondent David Bergh's motion for summary judgment and dismissal of the petition. Respondent argues that Petitioner's claims are barred from substantive review by Petitioner's failure to comply with the one-year statute of limitations. Petitioner replies that he is entitled to equitable tolling of the limitation period due to his attorney's illness, which involved convulsions, loss of memory, hospitalization, and a period of adjustment to medical regimens. The Court finds that this is an appropriate case for equitable tolling. Accordingly, the habeas petition is deemed timely, and Respondent's motion is denied.

**I. BACKGROUND**

     In 2007, following a jury trial in Oakland County Circuit Court, Petitioner was found guilty of (1) conspiracy to deliver between 50 and 225 grams of cocaine, (2) possession with intent to deliver between 50 and 225 grams of cocaine, (3) delivery of less than 50 grams of cocaine, and (4)

two counts of possession of a firearm during the commission of a felony (felony firearm). The trial court sentenced Petitioner to imprisonment for consecutive terms of ten to twenty years for the conspiracy conviction, ten to twenty years for the possession conviction, two to twenty years for the delivery conviction, and two years for the felony firearm convictions. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion, *see People v. Bell*, No. 282222 (Mich. Ct. App. Apr. 16, 2009), and on October 26, 2009, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Bell*, 485 Mich. 927 (2009) (table).

Petitioner filed his habeas corpus petition through counsel on January 26, 2011. His grounds for relief are:

> I. Petitioner was denied a fair trial by several instances of prosecutorial misconduct, including: A) use of co-conspirators' convictions as substantive evidence; B) use of impeachment evidence as substantive evidence; and C) impermissible vouching for prosecution witnesses;
>
> II. the testimony by unqualified persons, without a sufficient showing of reliability of the evaluation techniques, denied Petitioner a fair trial;
>
> III. the evidence was insufficient to support the verdict of possession of a firearm in the course of a felony; and
>
> IV. Petitioner was denied a fair trial by ineffective assistance of counsel in violation of the Sixth Amendment.

Respondent argues in his pending motion that the one-year statute of limitations for habeas petitions expired two days before Petitioner filed his habeas petition and, therefore, the Court should dismiss the petition. Petitioner maintains that his attorney's health problems were extraordinary circumstances, which entitle him to equitable tolling of the statute of limitations.

## II. DISCUSSION

**A. The Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitation for state prisoners to file their federal habeas corpus petitions. *Wall v. Kholi,* __ U.S. __, __, 131 S. Ct. 1278, 1283 (2011) (citing 28 U.S.C. § 2244(d)(1)). The period of limitation runs from the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner is not relying on a new constitutional right or on newly discovered facts, and he is not suggesting that an impediment created by state action prevented him from filing his habeas petition earlier. *Cf.* 28 U.S.C. §§ 2244(d)(1)(B-D). Consequently, the statute of limitations began to run when Petitioner's convictions "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

A petition for writ of certiorari to review a judgment entered by a state's highest court must

be filed in the United States Supreme Court within ninety days after entry of the judgment. Sup. Ct. R. 13.1. For petitioners who did not pursue direct review to the United States Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, __ U.S. __, __, 132 S. Ct. 641, 653-54 (2012).

Petitioner appealed to the Michigan Court of Appeals and to the Michigan Supreme Court. He did not apply for a writ of certiorari in the United States Supreme Court after the state supreme court denied leave to appeal on October 26, 2009. Therefore, his convictions became final ninety days later on January 24, 2010, when the deadline expired for seeking a writ of certiorari in the United States Supreme Court. The one-year period of limitation began to run on the following day, and it expired one year later on January 24, 2011. Petitioner filed his habeas corpus petition on January 26, 2011, two days after the statute of limitations expired. Consequently, the petition is untimely.

## B. Equitable Tolling

Petitioner does not deny the fact that he filed an untimely petition. Instead, he urges the Court to toll the limitation period for equitable reasons, namely, his attorney's illness and inability to communicate with him.

### 1. Legal Framework

"The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560-61 (6th Cir. 2000)). The

statute of limitations in habeas cases "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, __ U.S. __, __, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting *Holland's* two-part test for determining whether a habeas petitioner is entitled to equitable tolling).

Petitioner claims that his attorney's illness satisfies the extraordinary-circumstances requirement. A garden-variety claim of attorney negligence that causes an attorney to miss a filing deadline does not warrant equitable tolling, *Holland,* 130 S. Ct. at 2564; *Robertson*, 624 F.3d at 784, but "mental incompetence or incapacity may provide a basis for equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). When a petitioner seeks to prove that his attorney's mental incapacity warrants equitable tolling, he must demonstrate that his attorney's incompetence affected his ability to file a timely habeas petition. *Robertson*, 624 F.3d at 785; *see also Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177, 1180 (6th Cir. 1995) (stating in an employment race discrimination case that, if the plaintiff "pursued his claim diligently, yet was abandoned by his attorney due to his attorney's mental illness, equitable tolling may be appropriate").

**2. Application**

Petitioner's attorney is James Sterling Lawrence, who alleges in his answer to Respondent's motion that he is a sole practitioner without a secretary. He claims that he was prepared to file the habeas petition in this case within the statute of limitations, but, due to neurological problems, which occurred before and after January 2011, he was prevented from filing a timely petition. Mr.

5

Lawrence states that his neurological problems caused convulsions, loss of memory, and hospitalization until his anti-seizure medication was adjusted. As a result of his medical problems, he allegedly lacked the ability to function in a professional capacity and was unable to communicate with Petitioner.

Respondent contends that, given Mr. Lawrence's medical history, his seizures were not extraordinary circumstances and that Mr. Lawrence should have had a contingency plan or prepared the habeas petition well before the filing deadline. Mr. Lawrence, however, states that, during the time in question, he was often unable to work or think clearly and that he was incapacitated for one to two weeks at a time. In January of 2011, he suffered another neurological episode and was unable to attend to any legal matters for several days. This event was unexpected, according to him, but the most recent incident resulted in a change of hospitals and doctors with adjustments in his medication levels and regimens, which have been successful to date.

Exhibits to Mr. Lawrence's answer to Respondent's motion confirm Mr. Lawrence's allegations. His wife, Lisa Lawrence, states in an affidavit dated August 15, 2011, that Mr. Lawrence was struck in the head and rendered unconscious at the end of April 2010. He was hospitalized for five days. He was re-admitted to the hospital on August 13, 2010, and treated for a closed head injury. Upon his release, he suffered from headaches, loss of memory, and periods of lethargy due to anti-seizure medication. Relapses occurred every few weeks, and Mr. Lawrence was hospitalized again from November 26, 2010, until November 28, 2010. In January 2011, he had more seizures, and was unable to work from approximately January 20 to January 25, 2011. Finally, in June of 2011, he suffered still another seizure and was treated at a hospital. Following a change of protocol and medication levels, he responded better than before and has been able to return to full

time work.

This is not a garden-variety case of attorney negligence. According to a hospital record attached to the answer to Respondent's motion, Mr. Lawrence was hospitalized three times while the statute of limitations was running, and he claims that he was physically and mentally impaired for part of 2010 and 2011. Further, Petitioner cannot be faulted for lack of diligence because he was represented by counsel and he apparently had no reason to believe that his attorney was not representing him. *See Maples v. Thomas*, __ U.S. __, __, 132 S. Ct. 912, 924 (2012) (stating that "a client cannot be charged with the acts or omissions of an attorney who has abandoned him," and that a client also cannot "be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him").

In conclusion, the Court finds that Petitioner pursued his rights diligently and that his attorney's medical problems were extraordinary circumstances, which prevented him from filing a timely habeas petition. Accordingly, equitable tolling is warranted from late April of 2010 when Mr. Lawrence suffered his closed head injury until January 26, 2011, when he filed the habeas petition in this case. The statute of limitations ran from January 25, 2010, until late April of 2010, but because this period of time is less than one year, the habeas petition is timely.

Accordingly, IT IS HEREBY ORDERED that Respondent's motion for summary judgment and dismissal of the habeas petition [dkt. #5] is **DENIED**.  Respondent is ordered to file an answer to the habeas petition within **fifty-six (56) days** of the date of this opinion.

                                       S/Lawrence P. Zatkoff
                                       LAWRENCE P. ZATKOFF
                                       UNITED STATES DISTRICT JUDGE

Dated:  March 1, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 1, 2012.

                                       S/Marie E. Verlinde
                                       Case Manager
                                       (810) 984-3290